UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:16-cr-41 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| WALTER J. WALKER, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of *pro se* defendant Walter Walker ("Walker") for a judicial recommendation for residential reentry center ("RRC") placement. (Doc. No. 22 ["Mot."].) Plaintiff United States of America (the "government") has not responded to the motion. For the reasons that follow, the motion is GRANTED.

On February 5, 2016, an information issued charging Walker with conspiring to distribute and distributing five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846, and money laundering, in violation of 18 U.S.C. § 1957. (Doc. No. 1.) On March 3, 2016, Walker pled guilty to the charges in the information, and, on April 5, 2017, the Court sentenced Walker to a term of imprisonment of 57 months. (Doc. No. 17 [Judgment].) Walker is currently serving his sentence at FCI Elkton and has a projected release date of July 13, 2021. *See* https://www.bop.gov/inmateloc/ (last visited 5-26-2020). On March 26, 2020, Walker submitted a Supervision Release Plan for early release to the warden at FCI Elkton. (Doc. No. 23-2.) According to prior filings, Walker has yet to receive a response from the warden or the Bureau of Prisons ("BOP") on his requested release plan. (Doc. No. 23 at 157.)

On April 10, Walker filed a motion for a compassionate release, citing the current COVID-19 pandemic. (Doc. No. 23.) On April 17, 2020, the Court denied Walker's motion without prejudice for failure to exhaust administrative remedies. (Doc. No. 25.) On April 29, 2020, Walker filed an emergency habeas corpus petition under 28 U.S.C. § 2241 seeking immediate release. (Case No. 4:20-cv-917, Doc. No. 1.) The Court dismissed the habeas petition without prejudice, citing, once again, Walker's failure to fully exhaust his administrative remedies. (Doc. Nos. 2, 3.)

By the present motion, Walker requests a judicial recommendation for placement in an RRC "based on [his] class programs, [his] strong family ties, and [his] determination to never return to the life of crime." (Mot. at 138.) He appends to his motion prison records that detail the programming he has completed during his incarceration and notes the absence of any prison disciplinary violations in the last six months. (Doc. No. 22-1.) He also represents that he has an employment opportunity waiting for him upon his release, and he provides contact information for his prospective employer. (Mot. at 138.)

The BOP, pursuant to 18 U.S.C. § 3624(c)(1) as amended by the Second Chance Act, Pub. L. No. 110-199, § 251(a), 122 Stat. 657 (2008), may place an inmate in community confinement for no longer than twelve months at the end of his or her sentence. *See Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009). The BOP has the exclusive authority to determine if an inmate should be placed in such a setting and, if so, for how long. 18 U.S.C. § 3621(b); *see Martin v. United States*, No. 05-17, 2008 WL 3546433, at *1–2 (W.D. Pa. Aug. 12, 2008).

The First Step Act modified § 3624 to further explain who was eligible for prerelease custody. Pub. L. No. 115-391, § 102. The Act elaborates on the risk reassessment levels needed

for a prisoner to be considered for prerelease custody. *Id.* It also details the types of prerelease custody, which include home confinement and placement in an RRC. *Id.* However, it did not modify the requirement that the BOP, not the Court, make the decision to place a prisoner on home confinement or in an RRC. *See* 18 U.S.C. § 3624(b)(1) & (c)(1); *Heard v. Quintana*, 184 F. Supp. 3d 515, 520 (E.D. Ky. 2006) (explaining that the BOP may consider placing a federal inmate in home confinement or an RRC). Further, the First Step Act did not alter the fact that the Second Chance Act does not guarantee RRC placement or home confinement, it only directs the Director of the BOP to consider it. *See Demis*, 558 F.3d at 514.

The BOP's decision whether to place a prisoner in an RRC at the end of his sentence is guided by five factors set forth in 18 U.S.C. § 3621(b). One of those factors is any statement from the sentencing court. § 3621(b)(4). Accordingly, the sentencing court is permitted, where appropriate, to make a non-binding recommendation to the BOP.

Given his apparent rehabilitation, as evidenced by his educational pursuits and his lack of and recent prison discipline, the Court believes that Walker may be a good candidate for early placement into an RRC and/or home confinement at the end of his sentence. *See, e.g., United States v. Ahmed*, No. 1:07CR00647, 2017 WL 5166427, at *2–3 (N.D. Ohio Nov. 8, 2017) (recommending placement in a halfway house based on participation in prison programming and accumulation of good time credits).

Accordingly, and for the foregoing reasons, the Court RECOMMENDS that the BOP place Walker in an RRC for a significant length of time to be determined by it. The United States Attorney shall forward this non-binding recommendation to the appropriate BOP officials responsible for making prerelease custody decisions. Further, the Clerk is directed to serve a

copy of this memorandum opinion and order on the Warden of FCI Elkton and Walker's case manager at that facility.

**IT IS SO ORDERED**.

Dated: May 28, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**